UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

ANTONIO EUBANKS,              )
                              )
            Movant,           )
    vs.                       )      1:10-cv-0063-SEB-DML
                              )
UNITED STATES OF AMERICA.     )

**Entry Discussing Motion for Relief Pursuant to 28
U.S.C. § 2255 and Denying Certificate of Appealability**

**I.**

Antonio Eubanks' ("Eubanks") conviction for being a felon in possession of a firearm was affirmed on appeal in *United States v. Eubanks,* 316 Fed.Appx. 506 (7th Cir. 2009) (unpublished). Although Eubanks now seeks relief from that conviction and sentence pursuant to 28 U.S.C. § 2255, the court finds that he is not entitled to the relief he seeks.

**Background**

The scope of relief available under § 2255 is narrow. The parameters of relief pursuant to a § 2255 motion have been reviewed by the Seventh Circuit:

> Section 2255 is not a way to advance arguments that could have been presented earlier–especially not when the arguments rest entirely on a statute. *See Reed v. Farley*, 512 U.S. 339 (1994). Although § 2255 ¶ 1 permits a collateral attack on the ground that 'the sentence was imposed in violation of the Constitution or laws of the United States,' only a small portion of statutory claims demonstrate that the sentence or conviction is itself a violation of law. The error must be so fundamental that a 'complete miscarriage of justice' has occurred. *Reed*, 512 U.S. at 348 (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). Other 'non-constitutional errors which could have been raised on appeal but were not are barred on collateral review–regardless of cause and prejudice.' *Bontkowski v. United States*, 850 F.2d 306, 313 (7th Cir. 1988).

*Young v. United States*, 124 F.3d 794, 796 (7th Cir. 1997) (footnote added; internal citations altered). Thus, relief pursuant to § 2255 is limited to an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice. *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991). While the standard for reviewing a § 2255 motion is high, when the petitioner is acting pro se the complaint is to be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Eubanks argued in his direct appeal that evidence that his girlfriend, Lafonda Maffett, had a prior conviction for possession of a handgun without a license should have been admitted by the district court. The Court of Appeals entirely rejected this argument:

> The probative value of Maffett's specific felony was slight given that the evidence admitted fully allowed Eubanks to argue his theory of defense to the jury. Specifically, Eubanks' theory of defense was that the gun was Maffett's, as she had first claimed, but that she remained silent once Eubanks took responsibility for the gun because she knew the consequences of possessing a firearm. The district court admitted as evidence that Maffett had a prior felony conviction and her initial statement of ownership. This evidence provided the same factual basis for Eubanks' theory of defense, allowing him to argue to the jury that Maffett allowed him to take the fall because otherwise she might be the one facing the felon-in-possession charge. Any additional probative value flowing from the admission of Maffett's specific felony was substantially outweighed by the risk that the jury would believe Maffett was responsible for possessing the gun merely because she previously had possessed a gun. Accordingly, the district court did not abuse its discretion in excluding evidence of the specific type of felony for which Maffett was convicted.
>
> Furthermore, even if the district court erred in excluding evidence of the nature of Maffett's prior felony, any error was harmless.

*United States v. Eubanks,* 316 Fed.Appx. 509-10.

## Discussion

Eubanks claims that he was denied effective assistance of trial counsel because his attorney did not properly advise him that he did not qualify to be sentenced as an armed career criminal, an omission that impacted Eubanks' decision to proceed to trial rather than enter a guilty plea.

The right to the effective assistance of counsel is denied when the performance of counsel falls below an objective standard of reasonable professional conduct and thereby prejudices the defense. *Yarborough v. Gentry,* 540 U.S. 1, 5 (2003) (citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984)). For a petitioner to establish that his "counsel's assistance was so defective as to require reversal" of a conviction or a sentence, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Strickland,* 466 U.S. at 687. With respect to the first prong, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Wiggins v. Smith,* 539 U.S. 510, 521 (2003) (quoting *Strickland,* 466 U.S. at 688). In

addition, the performance of counsel under *Strickland* should be evaluated from counsel's perspective at that time, making every effort to "eliminate the distorting effects of hindsight." *Id.* at 523 (quoting 466 U.S. at 687); *see also Kokoraleis v. Gilmore,* 131 F. 3d 692, 696 (7th Cir. 1997). With respect to the prejudice requirement, Eubanks must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694; *see also Benefiel v. Davis,* 357 F.3d 655, 661 (7th Cir. 2004). It is not enough for a petitioner to show that "the errors had some conceivable effect on the outcome of the proceeding." *Strickland,* 466 U.S. at 693. A petitioner must specifically explain how the outcome at trial would have been different absent counsel's ineffective assistance. *Berkey v. United States,* 318 F. 3d 768, 773 (7th Cir. 2003).

With respect to Eubanks' claim of attorney ineffectiveness, it is the required prejudice which he has not shown. That is, his argument of attorney ineffectiveness is not sufficiently persuasive to make the required showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. Specifically, Eubanks was sentenced in the advisory guidelines imprisonment range of 70 to 87 months to a term of 87 months, with three years of supervised release. Counsel admittedly misinformed Eubanks based on her mistaken belief that he would qualify as an armed career criminal if he admitted guilt in a plea agreement. Eubanks claims that he decided to proceed to trial, hoping for an acquittal in an effort to avoid a sentence under the Armed Career Criminal Act. At his sentencing, however, it was evident that (1) Eubanks was not offering an explanation of his conduct which would have garnered him a reduction for acceptance of responsibility, and (2) the guideline range Eubanks faced after having been convicted at trial was the same as would have been in existence had he entered a plea of guilty and thereby avoided a trial.

The record contradicts Eubanks' claim that he was not adequately represented. Eubanks' concern with the performance of his attorney does not satisfy the *Strickland* standard. In particular, "conclusory allegations do not satisfy *Strickland's* prejudice component." *United States v. Farr,* 297 F.3d 651, 658 (7th Cir. 2002) (citing *United States v. Boyles,* 57 F.3d 535, 550 (7th Cir. 1995). The Seventh Circuit continued:

> We have observed in the past that criminal defendants frequently "demonize" their lawyers. 'If we are to believe the briefs filed by appellate lawyers, the only reasons defendants are convicted is the bumbling of their predecessors. But lawyers are not miracle workers. Most convictions follow ineluctably from the defendants' illegal deeds.'

*Farr*, 297 F.3d at 658 (quoting *Burris v. Farley*, 51 F.3d 655, 662 (7th Cir. 1995). The same is inescapably true as to Eubanks' argument that he was denied effective assistance of counsel. There is no entitlement to relief as to this claim, based on either the performance prong or the equally important requirement that he suffered prejudice.

## Conclusion

On the basis of the foregoing, therefore, Eubanks' motion for relief pursuant to 28 U.S.C. § 2255 and for an evidentiary hearing are **denied**, and this action must be dismissed with prejudice. Judgment consistent with this Entry shall now issue.

## II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Eubanks has failed to show that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 11/08/2010

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana